Tammy Hussin (Bar No. 155290)
HUSSIN LAW FIRM
6404 Merlin Dr. #100
Carlsbad, CA 92011
Tel: (877)677-5397
Fax: (877)667-1547
Email: Tammy@HussinLaw.com

Attorney for Plaintiff, DESIREE GREER

Frances O'Meara (Bar No. 140600)
Email: fomeara@thompsoncoe.com
Holly M Teel (Bar No. 143241)
Email: hteel@thompsoncoe.com
THOMPSON COE and O'MEARA LLP
12100 Wilshire Boulevard Suite 1200
Los Angeles, CA 90025
Tel: 310-954-2400
Fax: 310-954-2345

Attorney for Defendant
INTEGRITY SOLUTIONS SERVICES INC.

Felicia Y. Yu (SBN 193316)
Email: fyu@reedsmith.com
Judith T. Sethna (SBN 232731)
Email: jsethna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
SYNCHRONY BANK, formerly known as
GE CAPITAL RETAIL BANK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE GREER,<br><br>   Plaintiff,<br><br>vs.<br><br>GE CAPITAL RETAIL BANK;<br>INTEGRITY SOLUTIONS SERVICES<br>INC., et al., and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.: 5:13-CV-02200-JGB-SP<br><br>**AMENDED JOINT RULE 26(F) REPORT**<br><br>Date:        July 14, 2014<br>Time:       11:00 AM<br>Courtroom: 1<br>Judge:      Jesus G. Bernal<br>Trial Date:  None Set<br><br>Complaint Filed: December 2, 2013 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's Order Setting Rule 26(f) Scheduling Conference dated April 1, 2014, Plaintiff DESIREE GREER ("GREER" or "Plaintiff") and Defendants INTEGRITY SOLUTIONS SERVICES INC. ("INTEGRITY") and SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("SYNCHRONY") (collectively "the Parties") submit the following <u>Amended</u> Joint Rule 26(f) Report in connection with the scheduling conference set for July 14, 2014.

### A.   STATEMENT OF CASE
**Plaintiff**

Plaintiff contends that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et. seq.* ("Rosenthal"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"). Plaintiff alleges that Defendant placed automated calls to her cellular telephone in an attempt to collect financial obligation(s) (the "Debt") owed to Defendant SYNCHRONY. SYNCHRONY assigned all or part of Plaintiff's Debt to INTEGRITY for collection. Upon information and belief, Plaintiff alleges that prior the assigning the Debt to

INTEGRITY, Plaintiff advised SYNCHRONY she had no financial means with which to pay the Debt, and requested that calls to her stop. Upon information and belief SYNCHRONY failed to advise INTEGRITY that Plaintiff did not consent to be called.

Plaintiff was bombarded by automated calls by Defendants in their attempts to collect the Debt. Plaintiff spoke to Defendants and advised had no financial means with which to pay, and frequently requested that calls stop. Plaintiff alleges Defendants ignored her requests that the calls stop, and instead barraged her with automated calls, multiple times a day. Insofar as Defendants knew Plaintiff did not consent to the continued calls and yet continued to place automated calls to her, the calls were in violation of the TCPA, FDCPA and Rosenthal.

**Integrity**

Integrity denies Plaintiff's claims and allegations and contends that Plaintiff has failed to state a claim in whole or in part upon which relief may be granted. Integrity denies that it has caused any damage to Plaintiff or that it is in any way liable to Plaintiff for the damages sought.

Integrity did not violate the FDCPA, TCPA or Rosenthal Act, nor did Integrity invade Plaintiff's personal privacy. Plaintiff provided express consent to receive calls on her cellular telephone.

To the extent Integrity's actions are found to violate the Fair Debt Collection Practices Act, such violations were not intentional and resulted from a bona-fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. See 15 U.S.C. §1692k(c).

To the extent Integrity's actions are found to violate the Rosenthal Fair Debt Collection Practices Act, such violations were not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation. See Cal. Civ. Code §1788.30(e).

Integrity has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the Telephone Consumer Protection Act. See 47 U.S.C. §227(c)(5).

Integrity contends that Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages and by the doctrines of waiver, ratification, consent and estoppel.

**Synchrony**

Plaintiff's Amended Complaint alleges that Synchrony improperly attempted to collect a debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227, et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code Section 1788, et seq. Synchrony filed an Answer denying violating any provision of the FDCPA, TCPA, RFDCPA or any other law in any manner.

**B.  SUBJECT MATTER JURISDICTION**

The parties do not contest the Court's subject matter jurisdiction at this time.

**C.  LEGAL ISSUES**

- Whether Defendants violated the FDCPA and Rosenthal FDCPA by allegedly placing an excessive amount of calls to Plaintiff;
- Whether Defendants used an ATDS and/or automated or prerecorded voice to make calls to a cellular telephone number belonging to Plaintiff without consent in violation of the TCPA;
- Whether Defendants' calls to Plaintiff were made in knowing and willful violation of the TCPA such that the imposition of treble damages is warranted;

- Whether the alleged calls warrant recovery for the alleged invasions of Plaintiff's personal privacy by the Defendants and its agents in their allegedly efforts to collect a consumer debt;
- Whether Defendants' alleged violations of the FDCPA and Rosenthal Act were not intentional and resulted from a bona-fide error that occurred notwithstanding the maintenance of procedures adapted to avoid such a violation;
- Whether Defendants established and implemented reasonable practices and procedures to effectively prevent violations of the TCPA;
- Whether establishing and implementing reasonable practices and procedures to prevent violations of the TCPA is sufficient to avoid liability under the Act;
- Whether Plaintiff provided consent to receive calls on her cellular telephone; and
- Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification, consent and estoppel.

### D. PARTIES, EVIDENCE, ETC.

**Plaintiff**

Plaintiff will testify as to the allegation of ongoing automated calls and the extent of the intrusion and frustration which resulted. Plaintiff will rely on her call logs, and also the call logs and records of Defendants.

**Defendants**

Integrity will provide evidence regarding Plaintiff's account, the assignment of Plaintiff's account to Integrity for collection, and actions taken by Integrity in relation to the account. Integrity will rely upon testimony of its representative, as well as its file and call logs related to the account.

Synchrony will provide evidence of Plaintiff's account, actions taken by Synchrony in relation to the account, and the assignment of Plaintiff's account

to Integrity for collection. Synchrony will rely upon the testimony of its representative, as well as its file and calls logs related to the account.

### E. DAMAGES

**Plaintiff**

Plaintiff will seek statutory damages under the TCPA, including treble damages, along with statutory damages and reasonable attorneys' fees and costs pursuant to the FDCPA and RFDCPA.

**Defendants**

Defendants are not seeking any damages at this time. Defendants deny that they are liable to Plaintiff for the damages sought.

### F. INSURANCE

Plaintiff is unaware of any insurance coverage that would apply to this matter.

Integrity has insurance coverage applicable to this matter.

Synchrony is unaware of any insurance coverage that would apply to this matter.

### G. MOTIONS

The Court granted Plaintiff's Motion to Amend and Plaintiff's First Amended Complaint has been filed. Currently, no motions are contemplated by the parties. Plaintiff may move to name DOE Defendants should discovery reveal the identity of new defendants.

### H. MANUAL FOR COMPLEX LITIGATION

The Parties agree that this case is not sufficiently complex to justify utilization of any of the procedures of the Manual for Complex Litigation. There do not appear to be any unusual legal issues presented at this time.

### I. STATUS OF DISCOVERY

No discovery has been served yet; however, the parties have actively engaged in an early exchange of information and evidence.

### J. DISCOVERY PLAN

Plaintiff will serve written discovery, including Requests for Admissions and Production of Documents, as well as Interrogatories. Plaintiff will conduct a deposition pursuant to FRCP 30(b)(6).

Defendants will serve written discovery, including Requests for Admission, Requests for Production of Documents and Interrogatories. Defendants will also depose Plaintiff to discover information relating to Plaintiff's claims.

### K. DISCOVERY CUT-OFF

Plaintiff's proposed discovery cut-off: December 29, 2014.

Defendants' proposed discovery cut-off: April 30, 2015.

### L. EXPERT DISCOVERY

**Plaintiff**

Expert Disclosure (Initial): March 2, 2015

Expert Disclosure (Rebuttal): March 16, 2015

**Defendants**

Expert Disclosure (Initial): February 27, 2015

Expert Disclosure (Rebuttal): March 27, 2015

### M. DISPOSITIVE MOTIONS

Last day for the Court to hear dispositive motions: February 16, 2015

### N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

The parties have engaged in good faith settlement discussions and intend to continue their discussions. Pursuant to Local Rule 16-15.1, the parties agree to participate in the Court's Mediation Panel, and request that the Court extend the standard mediation deadline to a time at or near the close of discovery.

### O. TRIAL ESTIMATE

The Parties estimate that trial will take no more than two (2) days.

| | | |
|---|---|---|
| 1 | P. | **TRIAL COUNSEL** |
| 2 | | Trial counsel for Plaintiff is Tammy Hussin. |
| 3 | | Trial Counsel for INTEGRITY is Frances O'Meara/Holly Teel. |
| 4 | | Trial counsel for SYNCHRONY is Felicia Yu/Judith Sethna. |
| 5 | Q. | **INDEPENDENT EXPERT OR MASTER** |
| 6 | | N/A. |
| 7 | R. | **TIMETABLE** |
| 8 | | See Exhibit A. |
| 9 | S. | **OTHER ISSUES** |
| 10 | | N/A |

DATED: July 7, 2014

By: /s/ Tammy Hussin
Tammy Hussin, Esq.
HUSSIN LAW FIRM
Attorney for Plaintiff, DESIREE GREER

DATED: July 7, 2014

By: /s/ Holly M. Teel
Frances O'Meara, Esq.
Holly M. Teel, Esq.
THOMPSON COE and O'MEARA LLP
Attorneys for Defendant, INTEGRITY SOLUTIONS SERVICES INC.

DATED: July 7, 2014

By: /s/ Judith T. Sethna
Felicia Yu
Judith T. Sethna
REED SMITH LLP
Attorney for Defendant
SYNCHRONY BANK, formerly known as GE CAPITAL RETAIL BANK